IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAIRFAX COUNTY, VIRGINIA, et al., on behalf of themselves and all other similarly situated entities,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>BANK OF AMERICA N.A.<br><br>　　　　　Defendant. | Case: 1:08-cv-00433<br>Assigned To : Hogan, Thomas F.<br>Assign. Date : 3/12/2008<br>Description: Antitrust |

### MOTION FOR ENTRY OF PROPOSED PROTECTIVE ORDER

Plaintiffs respectfully move this Court to enter the Proposed Protective Order Governing Confidential Information filed herewith. This pertains to future discovery in this litigation.

1

Dated: March 12, 2008

William A. Isaacson (DC Bar No. 414788)
Tanya Chutkan (DC Bar No. 420478)
Jonathan Shaw (DC Bar No. 446249)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW
Washington, DC 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131

Jonathan W. Cuneo (DC Bar No. 939389)
Daniel M. Cohen (DC Bar No. 470056)
CUNEO GILBERT & LADUCA, LLP
507 C Street NE
Washington, D.C. 20002
Telephone: (202) 789-3960
Facsimile: (202) 789-1813

Joel Davidow (DC Bar No. 50849)
Clifford K. Williams
KILE GOEKJIAN REED & McMANUS PLLC
1200 New Hampshire Avenue, NW
Suite 570
Washington, DC 20036
Telephone: (202) 659-8000
Facsimile: (202) 659-8822

Allen Black
Roberta Liebenberg
Donald Perelman
FINE KAPLAN & BLACK, RPC
1835 Market Street
28th Floor
Philadelphia, PA 19103
Telephone: (215) 567-6565
Facsimile: (215) 568-5872

Samuel D. Heins
Vincent J. Esades
HEINS MILLS & OLSON
310 Clifton Avenue
Minneapolis, MN 55403
Telephone: (612) 338-4605
Facsimile: (612) 338-4692

By: _____
Michael D. Hausfeld (DC Bar No. 153742)
Richard A. Koffman (DC Bar No. 461145)
Megan E. Jones (DC Bar No. 467255)
Christopher J. Cormier (DC Bar No. 496384)
COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

Michael P. Lehmann
Christopher L. Lebsock
Jon T. King
COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C.
One Embarcadero Plaza
San Francisco, CA 94111
Telephone: (415) 229-2080
Facsimile: (415) 986-3643

Robert G. Eisler
COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C.
150 East 52nd Street
Thirtieth Floor
New York, NY 10022
Telephone: (212) 838-7797
Facsimile: (212) 838-7745

Carol V. Gilden
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
190 South LaSalle Street
Suite 1705
Chicago, IL 60603
Telephone: (312) 357-0370
Facsimile: (312) 357-0369

Arthur N. Bailey
ARTHUR N. BAILEY & ASSOCIATES
111 West Second Street, Suite 4500
Jamestown, NY 14701
Telephone: (716) 664-2967
Facsimile: (716) 664-2983

Allan Steyer
STEYER LOWENTHAL BOODROOKAS
ALVAREZ & SMITH LLP
One California Street, Third Floor
San Francisco, CA 94111
Telephone:   (415) 421-3400
Facsimile:   (415) 421-2234

Steven Greenfogel
MEREDITH COHEN GREENFOGEL &
SKIRNICK, P.C.
1521 Locust St., 8th Floor
Philadelphia, PA 19102
Telephone:  (215) 564-5182
Facsimile:   (215) 569-0958

Precious Martin Senior
PRECIOUS MARTIN SENIOR &
ASSOCIATES PLLC
821 North Congress St.
P.O. Box  373
Jackson, MI 39205-0373
Telephone: (601) 944-1447
Facsimile:  (601) 944-1448

Arnold Levin
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia , Pennsylvania 19106-3697
Telephone: (215) 592-1500
Facsimile:  (215) 592-4663

Armand Derfner
DERFNER ALTMAN & WILBORN
40 Calhoun Street, Suite 410
P.O. Box 600
Charleston, SC 29401
Telephone: (843) 723-9804
Facsimile:   (843) 723-7446

Steven A. Kanner
FREED KANNER LONDON &
 MILLEN LLC
2201 Waukegan Rd.,
Suite 130
Bannockburn, IL 60015
Telephone:  (224) 224-632-4500
Facsimile:   (224) 632-4521

Brent Hazzard
HAZZARD LAW, LLC
6360 I 55 N
Suite 340
Jackson, MS  39211
Telephone:  (601) 977-5253
Facsimile:   (601) 977-5236

Joe R. Whatley Jr.
WHATLEY DRAKE & KALLAS LLC
2001 Park Place North
Suite 1000
Birmingham, Alabama  35203
Telephone: (205) 328-9576
Facsimile:  (205) 328-9669

Stephen Neuwirth
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile:  (212) 849-7100

Attorneys for One or More Individual Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAIRFAX COUNTY, VIRGINIA, et al., on behalf of themselves and all other similarly situated entities, : : : : Plaintiffs, : : v. : : BANK OF AMERICA N.A. : : Defendant. : : | **Civil Action No.** |

## [PROPOSED] PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION

Pursuant to the proposal of Named Plaintiffs, IT IS HEREBY ORDERED that the following Protective Order ("Order") shall govern Confidential Information produced by the Parties and any third party:

1. Named Plaintiffs, Defendant and third parties, upon producing documents or information, including electronically stored information (the "Producing Party"), may designate documents or information produced or disclosed as "CONFIDENTIAL" if the document or information contains a trade secret or other confidential research, development or commercial information (hereinafter "Confidential Information").

2. Documents, discovery responses, pleadings, affidavits, deposition transcripts, or testimony shall be subject to the provisions of this Order if they have been designated clearly on their face as "CONFIDENTIAL". If it is difficult to mark such documents as CONFIDENTIAL on their face, then some other method will be used to indicate their confidentiality, such as

marking a CD that contains electronic documents as "CONFIDENTIAL" on the outside of the CD case.

3. All documents, discovery responses, pleadings, affidavits, deposition transcripts, or testimony containing Confidential Information, shall be filed under seal without an accompanying motion to seal notwithstanding Local Rule LCvR 5.1(j)(1). This Order expressly supercedes LCvR 5.1(j)(1) insofar as that rule requires a party filing under seal to bring a motion to seal. Documents, discovery responses, pleadings, affidavits, deposition transcripts, or testimony containing Confidential Information shall otherwise be filed under seal in accordance with LCvR 5.1(j)(2)-(4).

4. Documents or information designated as "CONFIDENTIAL" may only be disclosed to the following with use of such Confidential Information limited to this action:

    A. The Court;
    B. Court reporters (including audio and video);
    C. Special masters;
    D. Mediators;
    E. Counsel for the respective parties in this litigation (including any commercial photocopying firms used by Counsel);
    F. Consulting or testifying experts;
    G. Direct staff of the foregoing persons (those listed in A-F);
    H. Any juror;
    I. Employees of the Producing Party;
    J. Former employees of the Producing Party;
    K. Persons identified in a document as an author or recipient or persons reasonably believed to have previously had access to the information or document;
    L. Any person whose deposition is taken by any party, and
    M. Others specifically identified and authorized in writing by the Producing Party.

5. Nothing in this Order shall prevent a Producing Party from using or disclosing its own documents or information as it deems appropriate without impairing the confidentiality obligations imposed upon all other parties and persons subject to this Order.

6. Counsel for the respective parties shall be responsible for obtaining, prior to disclosure of Confidential Information, the written agreement to be bound by the terms of this Order, of any person listed in paragraph 4 subpart F. Counsel for the respective parties shall be responsible for obtaining such a written agreement of their own client or their client's employee(s) if their client or their client's employee(s) are noticed for deposition. Such written agreement shall be in the form of Attachment A. If a non-party witness refuses to execute Attachment A, the deposing counsel shall advise the non-party witness that he or she is subject to sanctions for violating the terms of this Order and that admonition shall serve as a substitute for the execution of Attachment A and shall permit examination of the witness on documents or other information as permitted by paragraph 4.

7. At the deposition, or within thirty days (30) of receipt of the transcript, the deponent, the deponent's counsel, or any other party must designate, if appropriate, all or portions of a deposition transcript as "CONFIDENTIAL" and that designation shall remain in effect for the duration of this Order. If no such designations are made within thirty days (30) of receipt of the transcript, the transcript will not be subject to the provisions of this Order. The deponent, their counsel, or another party making such a designation must advise counsel for the parties and the court reporter of any changes to the original designation. The court reporter shall mark the face of the transcript appropriately. If any portion of a videotaped deposition is designated "CONFIDENTIAL" pursuant to this Order, the physical videocassette, CD-ROM or other media shall be labeled "CONFIDENTIAL". Nothing in this paragraph shall prevent a party from making specific designations on the record during the deposition, and the court reporter shall mark the face of the transcript appropriately in that event.

8. Nothing contained in this Order shall be construed to prejudice any party's right to

use at trial or in any hearing before the Court any Confidential Information.

9. Production of documents or information for the purpose of inspection and copying shall not constitute a waiver of confidentiality. If documents or information produced for purposes of inspection and copying have not been designated prior to inspection, the Producing Party shall advise the inspecting party that such documents or information may be designated as "CONFIDENTIAL" and that the documents or information should be treated as Confidential Information until such time as the Producing Party produces properly designated copies of the documents or information.

10. The inadvertent or unintentional failure to designate Confidential Information as "CONFIDENTIAL" by the Producing Party shall not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality, either as to the specific document or information disclosed or as to any other documents or information relating thereto or on the same or related subject matter. Upon the Producing Party's discovery that a document or information was not correctly designated, the Producing Party shall provide notice to the other parties that the document or information was inappropriately designated. The Producing Party shall then have seven (7) business days in which to redesignate and produce the properly designated document or information. During the seven days after notice, the document or information shall be treated as Confidential Information.

11. If one of the Parties reasonably believes that any document or information should not have been designated as "CONFIDENTIAL," that party must specify, in writing, to the Producing Party: (a) the document or information at issue and; (b) the grounds for questioning the confidentiality designation. The party questioning the designation and the Producing Party must meet and confer in good faith to attempt to resolve the designation without the Court's

intervention. Upon written notice to the Producing Party that the disagreement with respect to the designation cannot be resolved informally, the Producing Party has ten (10) days (or within such additional time as is reasonable taking into account the number of documents or other information at issue and is agreed to by counsel or as ordered by the Court) to move the Court for a protective order approving the Producing Party's designation. If the Producing Party does not move the Court, the disputed documents shall lose the "CONFIDENTIAL" designation. If the Producing Party's motion for protection is denied, the document or information shall no longer be designated as Confidential. Nothing in this paragraph shall be construed as changing the burden of proof set forth in the Federal Rules of Civil Procedure. A party shall not be obligated to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude any subsequent challenge.

12. After termination of the pending action, entry of a final judgment, whether by trial, appeal, settlement or otherwise, and after the termination of all appeals and the time to file any further appeals has passed, the provisions of this Order with respect to the use and dissemination of Confidential Information shall continue to be binding and all copies of any Confidential Information received by the parties or their counsel shall be returned to the Producing Party or destroyed within 60 days. Notwithstanding the foregoing, counsel for any party may retain copies of briefs and other papers filed with the Court, deposition transcripts, and attorney work product that contains or constitutes Confidential Information, so long as such briefs and other papers are maintained in confidence in accordance with the provisions of this Order. Even following termination of this litigation, the Court shall retain jurisdiction over the parties and recipients of Confidential Information in order to enforce the provisions of this Order.

13. If a party inadvertently produces a document containing Confidential Information

without marking or labeling it as such, the information shall not lose its protected status through such production and the parties shall take all steps reasonably required to assure its continued confidentiality if the designating party provides written notice to the receiving party within ten (10) days of the discovery of the inadvertent production of the document, identifying the document in question and of the corrected confidential designation for the document.

14. Inadvertent production of any document that a party later claims should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege. The designating party may request the return of any Inadvertently Produced Privileged Document. A request for the return of an Inadvertently Produced Privileged Document shall identify the document inadvertently produced and the basis for withholding such document from production. If a party or nonparty requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Document then in the custody of another party or nonparty, such other party shall within ten (10) business days return to the requesting party or nonparty the Inadvertently Produced Privileged Document and all copies thereof. The party returning such material may then move the Court for an order compelling production of the material, but that party shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

15. If the proposed class is certified, this Order shall extend to all members of the class.

16. Nothing herein shall govern the procedures to be used at trial, which shall be set by this Court immediately preceding the commencement of trial.

17. The Court retains jurisdiction to enforce or, upon stipulation of the parties to this

action, to amend or modify, this Order.


Dated: _____          _____
                                        U.S. District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FAIRFAX COUNTY, VIRGINIA, et al., :
on behalf of themselves and all other similarly :  **Civil Action No.**
situated entities, :
:
       Plaintiffs, :
:
       v. :
:
BANK OF AMERICA N.A. :
:
       Defendant. :
:

**ACKNOWLEDGMENT OF PROTECTIVE ORDER
GOVERNING CONFIDENTIAL MATERIAL**

Name: _____

Company/Firm Affiliation: _____

Address: _____

Telephone: _____

     I have read and acknowledge that I am bound by the Protective Order governing confidential material entered in this action.

_____                      _____
Signature                                                       Date