IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FAIRFAX COUNTY, VIRGINIA, et al., on behalf of themselves and all other similarly situated entities,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 08-433 (JR)<br>)<br>)<br>)<br>)<br>) |

STIPULATED PROTECTIVE ORDER GOVERNING
CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION

Pursuant to the stipulation of Named Plaintiffs and Defendant (hereinafter collectively referred to as "the Parties"), IT IS HEREBY ORDERED that the following Protective Order ("Order") shall govern all depositions, deposition testimony, deposition exhibits, documents, data, data compilations, recordings, images, materials or any other information (including information stored or produced electronically) produced in response to requests for production of documents, answers to interrogatories, responses to requests for admission, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial, and any other documents, data, data compilations, recordings, images, materials or any other information (including information stored or produced electronically) hereafter furnished, directly or indirectly, whether pursuant to discovery under the Federal Rules of Civil Procedure or not, by or on behalf of any party or nonparty in connection with the above captioned action ("the Action") (hereinafter collectively referred to as "Covered Information").

1. The producing party may designate Covered Information as "Confidential" or "Highly Confidential." Confidential or Highly Confidential Material shall not be disclosed except in

accordance with the terms, conditions, and restrictions of this Order. The receiving party shall not, except with prior consent of the producing party or by order of the Court, use Confidential or Highly Confidential Material for any purpose, including, without limitation, any business or commercial purpose, other than for the purpose of preparing for and conducting the litigation of this Action and any appellate or related proceeding arising from this Action, and disclosure shall be limited to the extent reasonably necessary for prosecution, defense, and/or appeal of this Action.

2. Covered Information may be designated as "Confidential" by the producing party if the producing party believes in good faith the Covered Information contains a trade secret or other confidential research, development, commercial, or pricing information.

3. Covered Information may be designated as "Highly Confidential" if the producing party believes in good faith the Covered Information contains: (a) current and past (to the extent they reflect on current) marketing plans and methods; (b) current and past business and strategic planning and financial information; (c) data, strategies, and/or methodologies regarding the pricing and/or profit of proposals, bids and/or actual transactions, and data, strategies and/or methodologies regarding hedges associated with any proposals, bids and/or actual transactions; (c) trade secrets; (d) past or current company personnel or employee information that is of a personal nature; (e) intellectual property information; and (f) other "Confidential" information (as defined in paragraph 2) the disclosure of which in the reasonable judgment of the producing party is likely to cause competitive, commercial, or other injury to the producing party.

4. In order to designate Covered Information as Confidential or Highly Confidential Material, upon producing Covered Information, including electronically stored information, the producing party may designate clearly on their face as "Confidential" or "Highly Confidential." If it is difficult to mark Covered Information as "Confidential" or "Highly Confidential" on their face,

then some other method will be used to indicate their confidentiality, such as marking a CD that contains electronic documents as "Confidential" or "Highly Confidential" on the outside of the CD case. When Covered Information is designated "Confidential" or "Highly Confidential," all information contained within the Covered Information shall be treated as Confidential or Highly Confidential Material. If the duplicating process by which copies of Confidential or Highly Confidential information are made does not preserve the confidentiality designation that appears on the original document, all copies shall be stamped Confidential or Highly Confidential.

5. At the deposition, or within thirty days (30) of receipt of the transcript, the deponent, the deponent's counsel, or any other party must designate, if appropriate, all or portions of a deposition transcript as "Confidential" or "Highly Confidential" and that designation shall remain in effect for the duration of this Order. Such designation shall be made in writing to counsel of record for each party with a copy to the court reporter. If no such designations are made within thirty days (30) of receipt of the transcript, the transcript will not be subject to the provisions of this Order. The deponent, their counsel, or another party making such a designation must advise counsel for the parties and the court reporter of any changes to the original designation. The court reporter shall mark the face of the transcript appropriately. If any portion of a videotaped deposition is designated "Confidential" or "Highly Confidential" pursuant to this Order, the physical videocassette, CD-ROM or other media shall be labeled "Confidential" or "Highly Confidential." Nothing in this paragraph shall prevent a party from making specific designations on the record during the deposition, and the court reporter shall mark the face of the transcript appropriately in that event.

6. Covered Information designated as Confidential may only be disclosed to the following entities, with use limited to this Action and in accordance with this Order:

    A. The Court and its authorized staff, including any Special Masters appointed by

      the Court, and the jury;

   B. Outside counsel for the respective parties in this litigation, including all paralegal assistants, stenographic and clerical employees (subject to Paragraph 17 of this Order);

   C. In-House Counsel for the respective parties, including all paralegal assistants, stenographic and clerical employees, who agree to be bound by the terms of this Order and have executed: (1) the Certification hereto attached as Exhibit A, and (2) the Certification hereto attached as Exhibit B;

   D. Court reporters (including audio and video), interpreters, translators, copy services, graphics support services, document imaging services, and database/coding services retained by counsel, provided these individuals or an appropriate company official with authority to do so on behalf of the company agrees to be bound by the terms of this Order and executes a Certification attached as Exhibit A;

   E. Mediators, that have agreed to be bound by the terms of this Order and have executed a Certification hereto attached as Exhibit A;

   F. Consulting or testifying experts, who have agreed to be bound by the terms of this Order and have executed a Certification hereto attached as Exhibit A;

   G. Any person who prepared, received, or reviewed the Confidential information prior to its production in the Action;

   H. During depositions and preparation for depositions, a deposition witness who is a current or former employee of the party that produced the applicable Covered Information or who appears, based upon the Covered Information itself or testimony in a deposition, to have knowledge of the contents of the Covered Information designated "Confidential" or the specific events, transactions, discussions, or data reflected in the Covered Information, provided that that party that produced the applicable Covered Information agrees to the disclosure, or such witness agrees to be bound by the terms of this Order and executes a Certification attached as Exhibit A and the witness is not allowed to retain a copy of the Confidential information;

   I. Others specifically identified and authorized in writing by the producing party.

7. Documents or information designated as Highly Confidential may only be disclosed to the following, with use limited to this Action and in accordance with this Order:

   A. The Court and its authorized staff, including any Special Masters appointed by the Court, and the jury;

   B. Outside counsel for the respective parties in this litigation, including all paralegal assistants, stenographic and clerical employees (subject to Paragraph 17 of this Order);

   C. Court reporters (including audio and video), interpreters, translators, copy services, graphics support services, document imaging services, and database/coding services retained by counsel, provided these individuals or an appropriate company official with authority to do so on behalf of the company agrees to be bound by the terms of this Order and executes a Certification

4

       attached as Exhibit A;

    D. Mediators, that have agreed to be bound by the terms of this Order and have executed a Certification hereto attached as Exhibit A;

    E. Consulting or testifying experts, who have agreed to be bound by the terms of this Order and have executed a Certification hereto attached as Exhibit A;

    F. Any person who prepared, received, or reviewed the or Highly Confidential information prior to its production in the Action;

    G. During depositions and preparation for depositions, a deposition witness who is a current or former employee of the party that produced the applicable Covered Information, provided that the party that produced the applicable Covered Information agrees to the disclosure, or such witness agrees to be bound by the terms of this Order and executes a Certification attached as Exhibit A and the witness is not allowed to retain a copy of the Highly Confidential Material.

8. Counsel for the respective parties shall be responsible for informing each person to whom they give access to Confidential or Highly Confidential information of the terms of this Order and the obligation to comply with those terms, and for obtaining, prior to disclosure of Confidential or Highly Confidential information to such person, the written agreement to be bound by the terms of this Order, attached as Exhibit A and/or B from individuals designated in provisions 6 and 7. Counsel for the respective parties shall be responsible for obtaining such a written agreement of their own client or their client's employee(s) if their client or their client's employee(s) are noticed for deposition. Such written agreement shall be in the form of Exhibit A. If a non-party witness refuses to execute Exhibit A, the deposing counsel shall advise the non-party witness that he or she is subject to sanctions for violating the terms of this Order and that admonition shall serve as a substitute for the execution of Exhibit A and shall permit examination of the witness on Covered Information as permitted by paragraph 6 and 7. The recipient of any Confidential or Highly Confidential information agrees, by receipt of the Confidential or Highly Confidential information to subject himself/herself to the jurisdiction of the Court for the purpose of any proceeding relating to the performance under, compliance with, or violation of this Order and no other purpose.

9. All documents, discovery responses, pleadings, affidavits, deposition transcripts, testimony, or

any other material containing Confidential or Highly Confidential information, shall be filed under seal without an accompanying motion to seal notwithstanding Local Rule LCvR 5.1(j)(1). This Order expressly supersedes LCvR 5.1(j)(1) insofar as that rule requires a party filing under seal to bring a motion to seal. Documents, discovery responses, pleadings, affidavits, deposition transcripts, testimony, or any other material containing Confidential or Highly Confidential information shall otherwise be filed under seal in accordance with LCvR 5.1(j)(2)-(4).

10. Nothing in this Order shall prevent a producing party from using or disclosing its own Covered Information as it deems appropriate without impairing the confidentiality obligations imposed upon all other parties and persons subject to this Order.

11. Nothing herein shall be construed to be an admission of relevance or to affect in any way the admissibility of any Covered Information in the Action. Nothing contained in this Order shall be construed to prejudice any party's right to use at trial or in any hearing before the Court any Confidential or Highly Confidential information. Nothing contained in this Order shall affect a party's right to object to any discovery request.

12. The inadvertent or unintentional failure to designate Confidential information as "Confidential" or "Highly Confidential" by the producing party shall not be deemed a waiver in whole or in part of the producing party's claim of confidentiality, either as to the specific Covered Information disclosed or as to any other Covered Information relating thereto or on the same or related subject matter. Upon the producing party's discovery that Covered Information was not correctly designated, the producing party shall provide notice to the other parties that the Covered Information was inappropriately designated. The producing party shall then have seven (7) business days in which to redesignate and produce the properly designated Covered Information. During the seven days after notice, the Covered Information shall be treated as Confidential or Highly Confidential information.

13. Inadvertent production of any Covered Information that a party later claims should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege in whole or in part. The designating party may request the return of any Inadvertently Produced Privileged Document. A request for the return of an Inadvertently Produced Privileged Document shall identify the Covered Information inadvertently produced and the basis for withholding such Covered Information from production. If a party or nonparty requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Document then in the custody of another party or nonparty, such other party shall within ten (10) business days return to the requesting party or nonparty the Inadvertently Produced Privileged Document and all copies thereof. The return of any Inadvertently Produced Privileged Document shall not constitute an acknowledgement that the claimed Covered Information is, in fact, privileged or otherwise entitled to protections or immunity from production. The party returning such material may then move the Court for an order compelling production of the Covered Information, however, in making the motion, the party cannot assert that the initial inadvertent production of the Covered Information constitutes a waiver of any applicable privileges or in any other way serve as a ground for compelling the production of the document.

14. If one of the Parties reasonably believes that any Covered Information should not have been designated as "Confidential," or "Highly Confidential" that party must specify, in writing, to the producing party: (a) the Covered Information at issue, and (b) the grounds for questioning the confidentiality designation. The party questioning the designation and the producing party must meet and confer in good faith to attempt to resolve the designation without the Court's intervention. Upon written notice to the producing party that the disagreement with respect to the designation cannot be resolved informally, the producing party has fifteen (15) business

days (or within such additional time as is reasonable taking into account the amount of Covered Information at issue and is agreed to by counsel or as ordered by the Court) to move the Court for a protective order approving the producing party's designation. If the producing party does not move the Court, the disputed Covered Information shall lose the Confidential or Highly Confidential designation. If the producing party's motion for protection is denied, the Covered Information shall no longer be designated as Confidential or Highly Confidential information. Nothing in this paragraph shall be construed as changing the burden of proof set forth in the Federal Rules of Civil Procedure. A party shall not be obligated to challenge the propriety of a Confidential or Highly Confidential information designation at the time made, and a failure to do so shall not preclude any subsequent challenge.

15. This Order shall survive the termination of the Action and shall continue in full force and effect thereafter. After termination of the pending Action, entry of a final judgment, whether by trial, appeal, settlement or otherwise, and after the termination of all appeals and the time to file any further appeals has passed, all copies of any Confidential and Highly Confidential information received by the parties or their counsel shall be returned to the producing party or destroyed within 60 days. Notwithstanding the foregoing, counsel for any party may retain copies of briefs and other papers filed with the Court, deposition transcripts, and attorney work product that contains or constitutes Confidential or Highly Confidential information, so long as such briefs and other papers are maintained in confidence in accordance with the provisions of this Order. Even following termination of this Action, the Court shall retain jurisdiction over the parties and recipients of Confidential and Highly Confidential information in order to enforce the provisions of this Order.

16. If the proposed class is certified, this Order shall extend to all members of the class.

17. The law firms that are signatories to this Stipulation (including all other attorneys, paralegal assistants, stenographic and/or clerical employees employed by such law firm) are deemed to

be bound by the terms of this Order. Should any outside counsel not a signatory to the Stipulation below seek to gain access to any Covered Information designated as "Confidential," or "Highly Confidential," such counsel shall first agree to be bound by the terms of this Order and have executed the Certification hereto attached as Exhibit A and before access is granted, notice shall be provided to the producing party of such counsel's agreement and execution of the Certification hereto attached as Exhibit A. Such counsel may execute one Certification on behalf of his or her law firm and such Certification is deemed to apply to all other attorneys, paralegal assistants, stenographic and/or clerical employees employed by such law firm.

18. Nothing herein shall govern the procedures to be used at trial, which shall be set by this Court immediately preceding the commencement of trial.

19. The Court retains jurisdiction to enforce or, upon stipulation of the parties to this Action, to amend or modify, this Order.

IT IS SO STIPULATED:

KING & SPALDING LLP

By: _____
Kevin Sullivan (DC Bar No. 411718) /SMK
1700 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 626-2624
(202) 626-3737

Dated: Washington, D.C.
       April 11, 2008

Counsel for Defendant
Bank of America N.A.

COHEN, MILSTEIN, HAUSFELD
& TOLL, P.L.L.C.

By: _____
Michael D. Hausfeld (DC Bar No. 153742)
Richard A. Koffman (DC Bar No. 461145)
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005
(202) 408-4600
(202) 408-4699

Dated: Washington, D.C.
       April 10, 2008

Counsel for Plaintiffs (on behalf of all counsel for Plaintiffs)

9

BOIES, SCHILLER & FLEXNER LLP

By: _____
William A. Isaacson (DC Bar No. 414788)
5301 Wisconsin Avenue, N.W.
Washington, D.C. 20015
(202) 237-2727
(202) 237-6131

Dated: Washington, D.C.
April 10, 2008

    Counsel for Plaintiffs (on behalf of all counsel for Plaintiffs)

    IT IS SO ORDERED this ___ day of April, 2008.

                              _____
                              Hon. James Robertson, U.S.D.J.

Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FAIRFAX COUNTY, VIRGINIA, et al., on behalf of themselves )
and all other similarly situated entities, )
)
Plaintiffs, )
) Civil Action No. 08-433 (JR)
v. )
)
BANK OF AMERICA, N.A. )
)
Defendant. )

ACKNOWLEDGMENT OF PROTECTIVE ORDER
GOVERNING CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION

Name: _____

Company/Firm Affiliation: _____

Address: _____

Telephone: _____

I have read and acknowledge that I am bound by the Protective Order ("Order"), dated _____, 2008, governing Confidential and Highly Confidential material entered in this Action and I understand the Order's terms. I agree that the District Court of the District of Columbia has jurisdiction to enforce the terms of the Order, and I consent to jurisdiction of that Court over my person for that purpose.

_____
_____

11

**Exhibit B**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FAIRFAX COUNTY, VIRGINIA, et al., on behalf of themselves and all other similarly situated entities,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 08-433 (JR)<br>)<br>)<br>)<br>)<br>)<br>) |

**IN-HOUSE COUNSEL CERTIFICATION**

    I hereby certify that I have read the attached Protective Order ("Order"), dated _____, 2008, and I agree that I will not reveal Confidential information to, or discuss with, any person who is not entitled to receive Confidential information in accordance with the Order. I will use Confidential information only for the purposes of facilitating the prosecution or defense of the above-captioned Action and not for any business or other purpose. I will otherwise keep all Confidential information confidential in accordance with this Order.

    I agree that I will only review Confidential information in the offices of outside counsel or other location under the control of outside counsel. I will not remove such information from outside counsel's office or other location under the control of outside counsel, nor make copies of or maintain Confidential information in the offices which I work.

    My professional relationship with the party I represent and its personnel is strictly one of legal counsel. Although I may attend meetings where others discuss competitively sensitive decision-making, I am not involved in competitively sensitive decision-making (as discussed in *U.S. Steel Corporation. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984) and *Matsushita Elec. Indus. Co. v. United States*, 929 F.2d 1577 (Fed. Cir. 1991)), for or on behalf of the party I represent or any other party that might gain a competitive advantage from access to the material disclosed in the Order. Other than legal advice, I do not provide advice or participate in any decisions of such parties in matters involving similar or corresponding information about a competitor. This means I do not, other than providing legal advice, for example, provide advice concerning decisions about pricing, marketing or advertising strategies, research and development, product design or competitive structuring and compositions of bids, offers, or proposals, with respect to

which Confidential information might provide a competitive advantage.

 I have attached a detailed narrative providing the following information: (a) my position and responsibilities as in-house counsel; and (b) the person(s) to whom I report, and their position(s) and responsibilities.

 I further agree that the District Court of the District of Columbia has jurisdiction to enforce the terms of the Order, and I consent to jurisdiction of that Court over my person for that purpose. I will otherwise be bound by the strictures of the Order.

Dated: _____, 2008    Signature

_____

Name: _____

Company/Firm Affiliation:_____

Address: _____

Telephone: _____