IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAIRFAX COUNTY, VIRGINIA, *et al.*, : | |
| Plaintiffs, : | Civil Case No. 08-0433 (JR) |
| v. : | |
| BANK OF AMERICA N.A., : | |
| Defendant. : | |

**PLAINTIFFS' OPPOSITION TO RELIEF REQUESTED IN MOTION OF CITY
OF OAKLAND FOR INTERVENTION**

Plaintiffs hereby submit this opposition to the relief requested in the "Motion of City of Oakland for Intervention for the Limited Purpose of Responding to Plaintiffs' Pending Motion for the Appointment of Interim Co-Lead Counsel" (Docket Entry No. 46; filed May 16, 2008). On May 21, 2008, the Court issued a Minute Order "granting movant City of Oakland's motion to intervene." The Court did not address the analytically distinct question as to whether the City of Oakland ("Oakland") is entitled to the relief that it seeks – a lengthy stay of this matter that will work at cross-purposes with a carefully structured and implemented settlement process. Plaintiffs, for the reasons stated herein, respectfully request that the court deny the City of Oakland's ("Oakland") motion.

**I.   INTRODUCTION**

Despite its reassurances, Oakland has in fact asked for what amounts to a substantial delay that will operate to the detriment of putative class members as well as Defendant Bank of America, N.A. ("BofA"). Oakland's motion "requests that Fairfax County's motion [for the appointment of co-lead counsel] be held in abeyance until after the Judicial Panel on

Multidistrict Litigation ["JPML"] has ruled on Fairfax County's motion for consolidation and transfer of the five pending cases." Motion, at 2. Oakland further states that "Fairfax County's [JPML] motion is scheduled for oral argument before the Panel on May 29, 2008, and a ruling is expected in June. Thus, the period for holding the Motion For Appointment of Interim Co-Lead Counsel in abeyance will be limited." *Id.* As discussed below, numerous courts have rejected similar arguments.

Oakland's requested delay, in fact, will be substantial. The JPML typically does not issue a transfer order until three to four weeks after oral argument. *See, e.g., In re: Fasteners Antitrust Litig.*, MDL 1912 (hearing held January 30, 2008; Transfer Order issued February 27, 2008); *In re: Transpacific Passenger Air Transportation Antitrust Litig.*, MDL No. 1913 (hearing held January 30, 2008; Transfer Order issued February 19, 2008).[1] After the JPML issues a transfer order, another several weeks elapse before the transfer of all actions is complete. *See* J.P.M.L. Rule 7.4 (providing a 15-day period before which the JPML sends a conditional transfer order for tag-along actions to a transferee court, and also providing for the setting of a further briefing schedule in the event of a contested transfer order). By the time the transferee court receives the files for all of the cases from around the country, and holds an initial status conference, another month or more typically elapses. In the present case, Oakland apparently wants yet more time to set a briefing schedule for purposes of responding to Plaintiffs' lead counsel motion in this case, even though the motion has been pending since March 12, 2008.

Pursuant to Oakland's proposed timeline, the first opportunity that a transferee court likely would have to address Oakland's concerns regarding lead counsel appointment would be in mid to late August of this year. That time of year typically lends itself to further

---

[1]   Recent JPML hearing calendars and transfer orders are available at: <http://www.jpml.uscourts.gov/Recent_Orders/recent_orders.html>.

postponements due to pre-scheduled vacations for all concerned. Thus, Oakland's request very likely will place this matter on hold until mid-September.

Examination of Oakland's protracted timeline should also be coupled with a comparison of what Plaintiffs have done to date versus Oakland's efforts, or lack thereof. As detailed in both their Complaint and in their Memorandum of Law in support of their motion for appointment of lead counsel (Docket Entry No. 45), Plaintiffs began investigating anticompetitive conduct in the municipal derivatives industry approximately a year and a half ago, and have engaged in settlement discussions with Defendant BofA for approximately the past eight months, overseen by nationally recognized mediator and former California state court judge Daniel Weinstein of JAMS. *See* Complaint, at 2 (Docket Entry No. 2); Memorandum, at 2. Plaintiffs' substantial work regarding BofA, the sole defendant in this matter, belies Oakland's contention that "this case is at its inception." Oakland Mem., at 3. To the contrary, Oakland's concern clearly is that this case is nearing its *conclusion*, and its counsel had nothing to do with the more than a years' worth of work leading to the present posture of the case and negotiations.

Based on their independent investigation and discussions with BofA, Plaintiffs filed the complaint in this action on March 12, 2008, alleging a pervasive bid-rigging and price-fixing conspiracy for municipal derivatives and naming BofA as the sole defendant. Plaintiffs also filed a parallel complaint on the same day against BofA's co-conspirators, which is also before the Court. *See Fairfax County, Virginia, et al. v. Wachovia Bank, N.A., et al.*, Civil Action No. 08-cv-0432 (JR) (D.D.C.) (filed May 12, 2008).

As explained in Plaintiffs' Memorandum, BofA is differently situated than its co-conspirators because: (a) it has been accepted into the Department of Justice's amnesty program; (b) it has committed to cooperating with Plaintiffs; (c) its alleged wrongdoing occurred during a

shorter period than did that of its co-conspirators; and (d) the parties are engaged in mediation with the goal of achieving a class-wide settlement. Recognizing BofA's differing situation, and to avoid delaying the parties' ongoing settlement efforts, Plaintiffs sued BofA separately. The two complaints pending before this Court were the first civil complaints filed relating to this alleged antitrust conspiracy in the municipal derivatives industry.

Since filing this action, Plaintiffs have continued to meet with BofA to discuss settlement. The parties also have retained experienced antitrust economists to assist settlement by analyzing BofA's transactional data to inform negotiations over potential damages.

Several other complaints alleging the same anticompetitive conduct in the same industry against largely the same co-conspirators have since been filed in two other jurisdictions.[2] Not coincidentally, those complaints are based in large part – if not completely – on the Plaintiffs' complaint in this action. No other complaint, however, has been filed solely against Bank of America.

A timeline is instructive. As discussed above, on March 12, 2008, Plaintiffs filed their complaint against BofA, the first such complaint in the country. Some six weeks later, on April 23, 2008, Oakland filed its complaint. As is readily apparent from a comparison of Plaintiffs' Complaint and Oakland's complaint filed in the U.S. District Court for the Northern District of California, Oakland simply recycled Plaintiffs' Complaint. *See* Oakland Complaint, attached as Exhibit A to the Declaration of Eric B. Fastiff in support of Oakland's motion. Oakland's

---

[2] Hinds County, Mississippi filed a substantially similar complaint against most of the defendants, including Bank of America, that Plaintiffs named in their two complaints in the Southern District of New York on March 13, 2008. See *Hinds County, Mississippi v. Wachovia Bank, N.A., et al.*, 08-cv-2516 (LTS) (S.D.N.Y.) (filed Mar. 13, 2008). Haywood County, Tennessee subsequently filed a complaint against several defendants, including Bank of America, in the Southern District of New York on March 24, 2008. See *Haywood County, Tennessee v. Bank of America, N.A.*, et al., 08-cv-3002 (LTS) (S.D.N.Y.) (filed Mar. 24, 2008).

375478.1 1                                                     4

counsel's efforts are not surprising; once they reviewed Plaintiffs' complaint and read that settlement talks had been occurring for months, they clearly sensed a business opportunity (albeit one that will not benefit class members in any way).

This Court, however, should not countenance Oakland's efforts to intrude upon a structured settlement process, and to inject uncertainty and delay where none is required. It clearly will facilitate the conclusion of the long settlement process in this matter – under the auspices of Judge Weinstein – for BofA to have assurances that Plaintiffs have authority to enter into a binding settlement. Oakland's tactics, unfortunately, threaten to derail the settlement process.

## II. ARGUMENT

Even though the Court granted Oakland's motion to permissively intervene, it still must analyze the analytically distinct question of whether it should grant Oakland's requested relief, a lengthy stay of this case. *See In re Vitamins Antitrust Litig.*, 2001 WL 34088808, at *5 (D.D.C. 2001) ("[E]ven if this Court grants the Motion to Intervene, it still must determine whether to modify the Protective Order as requested by the Canadian Plaintiffs."). A permissive intervenor seeking to obtain a stay faces a particularly "heavy burden of persuading [the] Court that a stay is appropriate." *DSMC, Inc. v. Convera Corp.*, 273 F. Supp. 2d 14, 31 (D.D.C. 2002) ("*DSMC*"). In *DSMC*, the court granted a motion for permissive intervention, where the intervenor sought to intervene for purposes including the request of a stay while an arbitration proceeded. The court granted the motion to intervene, but did not stay the litigation, finding that "judicial economy will not be served by granting a stay" and that "[p]ostponing the resolution of the issues raised in this case for some indefinite time does not comport with the efficient and timely judicial resolution of matters before the federal courts."

This Court should likewise reject Oakland's efforts to sidetrack this case. While the parties here (Plaintiffs and BofA) await the JPML's determination, this case can move forward towards resolution in an efficient and organized manner. Indeed, JPML Rule 1.5 states that "[t]he pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of actions pursuant to 28 U.S.C. §1407 *does not affect or suspend orders and pretrial proceedings in the district court* in which the action is pending and *does not in any way limit the pretrial jurisdiction of that court*." (emphasis supplied). Indeed, the Manual for Complex Litigation ("MCL") counsels as follows:

> During the pendency of a [JPML] motion (or show cause order) for transfer, however, the court in which the action was filed retains jurisdiction over the case.
>
> The transferor court should not automatically stay discovery; it needs to consider provisions in local rules that may mandate early commencement of discovery, and an order modifying such provisions' impact on the litigation may be necessary. *Nor should the court automatically postpone rulings on pending motions, or generally suspend further proceedings*.

MCL, Fourth, § 20.131 (emphasis supplied).

Numerous courts have declined to stay proceedings during the pendency of a JPML transfer motion. *See, e.g., Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 120 n.2 (2d Cir. 2006) ("The NYP defendants had moved to dismiss the original complaint shortly after it was filed. Plaintiffs responded by filing a motion for a stay, pending the outcome of a motion before the Judicial Panel on Multidistrict Litigation to transfer the case along with 27 others to a central district. The district court denied the motion for a stay . . . ."); *Ariail Drug Co., Inc. v. Recomm Intern. Display, Inc.*, 122 F.3d 930, 931-932 (11th Cir. 1997); *Havens Protected "C" Clamps, Inc. v. Pilkington PLC*, No. 00-2035-JWL, 2000 WL 382027, at *1 (D. Kan. March 28, 2000); *Bellinder v. Microsoft Corp.*, No. CIV. A. 99-2578-KHV, 2000 WL 575021, at *1 (D.

Kan. March 24, 2000); *Tortola Restaurants, L.P. v. Kimberly-Clark Corp.*, 987 F. Supp. 1186, 1188-89 (N.D. Cal. 1997).

Additionally, courts have appointed lead counsel or moved the appointment process forward during the pendency of JPML proceedings. *See, e.g., In re Duke Energy Corp. Securities Litig.*, No. 02 CIV, 3960 JSR, 2002 WL 1933798, at * 1 (S.D.N.Y. Aug. 30, 2002) ("The Court concludes that the filing of a motion before the MDL Panel does not require this Court to defer its consideration of the motions for appointment of lead plaintiff and lead counsel or in any other way defer the progress of this case."); *Albert Fadem Trust v. Worldcom, Inc.*, Nos. 02 Civ. 3288 (DLC) *et al.,* 2002 WL 1485257, at *2 (S.D.N.Y. July 12, 2002) ("The filing of a motion before the Panel does not require this Court to defer its consideration of the motions for consolidation and appointment of lead plaintiff."); *In re Hydrogen Peroxide Antitrust Litig.*, Civil Action No. 05-0666 (E.D. Pa.), Order dated March 28, 2005 (attached as Exhibit 1).

Moreover, the JPML, in issuing its transfer opinions, frequently cites to the progress of particular cases as relevant to its transfer determinations. *See, e.g., In re Metroprolol Succinate Patent Litig.*, 329 F. Supp. 2d 1368, 1370 (J.P.M.L. 2004) (citing as factor that "pretrial proceedings are already well-under way"); *In re Peanut Crop Ins. Litig.*, 342 F. Supp. 2d 1353, 1354 (J.P.M.L. 2004) (citing as a factor that "the proceedings are furthest advanced in that district."). Thus, the JPML does not endorse a stay of proceedings in the present circumstances; nor, Plaintiffs submit, should this Court.

### III. CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that the Court deny Oakland's motion to stay this matter.

Dated: May 21, 2008

/s/ Michael D. Hausfeld/cgc

William A. Isaacson
Tanya Chutkan
Jonathan Shaw
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW
Washington, DC 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131

Michael D. Hausfeld (DC Bar No. 153742)
Richard A. Koffman (DC Bar No. 461145)
Megan E. Jones (DC Bar No. 467255)
Christopher J. Cormier (DC Bar No. 496384)
COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C.
1100 New York Ave., N.W.
Suite 500, West Tower
Washington, D.C. 20005-3964
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

Jonathan W. Cuneo
Daniel M. Cohen
CUNEO GILBERT & LADUCA, LLP
507 C Street NE
Washington, D.C. 20002
Telephone: (202) 789-3960
Facsimile: (202) 789-1813

Michael P. Lehmann
Christopher L. Lebsock
Jon T. King
COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C.
One Embarcadero Plaza
San Francisco, CA 94111
Telephone: (415) 229-2080
Facsimile: (415) 986-3643

Robert G. Eisler
COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C.
150 East 52nd Street
Thirtieth Floor
New York, NY 10022
Telephone: (212) 838-7797
Facsimile: (212) 838-7745

Joel Davidow (DC Bar No. 50849)
Clifford K. Williams
KILE GOEKJIAN REED & McMANUS PLLC
1200 New Hampshire Avenue, NW
Suite 570
Washington, DC 20036
Telephone: (202) 659-8000
Facsimile: (202) 659-8822

Allen Black
Roberta Liebenberg
Donald Perelman
FINE KAPLAN & BLACK, RPC
1835 Market Street, 28th Floor
Philadelphia, PA 19103
Telephone: (215) 567-6565
Facsimile: (215) 568-5872

Samuel D. Heins
Vincent J. Esades
Dylan J. McFarland
HEINS MILLS & OLSON
310 Clifton Avenue
Minneapolis, MN 55403
Telephone: (612) 338-4605
Facsimile: (612) 338-4692

Allan Steyer
D. Scott Macrae
STEYER LOWENTHAL BOODROOKAS
ALVAREZ & SMITH LLP
One California Street, Third Floor
San Francisco, CA 94111
Telephone:    (415) 421-3400
Facsimile:    (415) 421-2234

Arnold Levin
Laurence S. Berman
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, Pennsylvania 19106-3697
Telephone: (215) 592-1500
Facsimile: (215) 592-4663

Brian K. Herrington
BRENT COON & ASSOCIATES
6360 I-55 North
Suite 340
Jackson, MS 39211
Telephone: (601) 957-6177
Facsimile: (601) 957-6507

Carol V. Gilden
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
190 South LaSalle Street, Suite 1705
Chicago, IL 60603
Telephone: (312) 357-0370
Facsimile: (312) 357-0369

Arthur N. Bailey
ARTHUR N. BAILEY & ASSOCIATES
111 West Second Street, Suite 4500
Jamestown, NY 14701
Telephone: (716) 664-2967
Facsimile: (716) 664-2983

Armand Derfner
DERFNER ALTMAN & WILBORN
40 Calhoun Street, Suite 410
P.O. Box 600
Charleston, SC 29401
Telephone: (843) 723-9804
Facsimile:    (843) 723-7446

Steven Greenfogel
MEREDITH COHEN GREENFOGEL & SKIRNICK, P.C.
1521 Locust St., 8th Floor
Philadelphia, PA 19102
Telephone:    (215) 564-5182
Facsimile:    (215) 569-0958

Steven A. Kanner
FREED KANNER LONDON & MILLEN LLC
2201 Waukegan Rd., Suite 130
Bannockburn, IL 60015
Telephone:    (224) 224-632-4500
Facsimile:    (224) 632-4521

Brent Hazzard
HAZZARD LAW, LLC
6360 I 55 N
Suite 340
Jackson, MS 39211
Telephone:    (601) 977-5253
Facsimile:    (601) 977-5236

<div style="display: flex; justify-content: space-around;">

Paul F. Bennett
Steven O. Sidener
C. Andrew Dirksen
Gold Bennett Cera & Sidener LLP
595 Market Street, Suite 2300
San Francisco, CA 94105
Telephone: (415) 777-2230
Facsimile: (415) 777-5189

Gerald J. Rodos
Jeffrey B. Gittleman
BARRACK, RODOS & BACINE
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-0600
Facsimile: (215) 963-0838

</div>

*Attorneys for One or More Individual Plaintiffs*

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE: HYDROGEN PEROXIDE ANTITRUST LITIGATION | : CIVIL ACTION : : : NO. 05-666 |

ORDER

AND NOW, this 28th day of March, 2005, upon consideration of the proposed order designating interim co-lead counsel for plaintiffs, and the consent of all plaintiffs' counsel with cases pending in this district to our entry of the proposed order, it is hereby ORDERED, pursuant to Fed.R.Civ.P. 23 (g)(2)(A), that:

1. We appoint Michael Hausfeld of Cohen Milstein Hausfeld & Toll P.L.L.C., Anthony Bolognese of Bolognese & Associates, LLC, Steven A. Kanner of Much Shelist Freed Denenberg Ament & Rubinstein, P.C., and Robert N. Kaplan of Kaplan Fox & Kilsheimer LLP, as Interim[1] Co-Lead Counsel for plaintiffs. Interim Co-Lead Counsel shall be responsible for the overall conduct of the litigation on behalf of plaintiffs. Interim Co-Lead Counsel shall have the following responsibilities with respect to the prosecution of this litigation on behalf of plaintiffs:

    a. To brief and argue motions and file opposing

---

[1] If the Judicial Panel on Multidistrict Litigation transfers the cases pending in the United States District Court for the Northern District of California (or other Districts) to this Court, we will consider amending this Order.

briefs in proceedings initiated by other parties;

      b.   To initiate and conduct discovery proceedings;

      c.   To act as a spokesperson at pretrial conferences;

      d.   To negotiate with defense counsel with respect to settlement and other matters;

      e.   To request that the Court approve settlements and fee awards;

      f.   To call meetings of counsel for plaintiffs in the Class Action Cases when appropriate;

      g.   To make all work assignments to counsel for plaintiffs in the Class Action Cases to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort;

      h.   To conduct trial and post-trial proceedings;

      i.   To consult with and employ experts;

      j.   To perform such other duties and undertake such other responsibilities as they deem necessary or desirable;

      k.   To coordinate and communicate with counsel in the Related Individual Cases with respect to matters addressed in this paragraph; and

      l.   To coordinate and communicate with defendants' counsel with respect to matters addressed in this paragraph;

      2.   No motion, request for discovery, or other pretrial proceedings in the this litigation shall be initiated or filed by any class action plaintiff except through Interim Co-Lead Counsel;

      3.   All work performed by any plaintiffs' counsel in

the Class Action Cases must be authorized in advance by Interim Co-Lead Counsel; and

       4.    All plaintiffs' counsel shall submit to the designee of Plaintiffs' Interim Co-Lead Counsel a record of the time expended to date in the form set forth by Plaintiffs' Interim Co-Lead Counsel on a monthly basis or on such other schedule as may be established.  Failure to maintain and timely submit such records will be considered in any fee allocation and may constitute grounds for denying court-awarded attorneys' fees.

                              BY THE COURT:

                              /s/ Stewart Dalzell, J.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiffs' Opposition to Relief Requested in Motion of City of Oakland for Intervention was served via the Court's ECF system upon all counsel registered for ECF and via first-class mail on the following counsel and parties:

Joel Davidow
Clifford K. Williams
KILE GOEKJIAN REED & McMANUS PLLC
1200 New Hampshire Avenue, N.W., Suite 570
Washington, DC 20036

Allen Black
Roberta Liebenberg
Donald Perelman
FINE KAPLAN & BLACK, RPC
1835 Market Street, 28th Floor
Philadelphia, PA 19103

Samuel D. Heins
Vincent J. Esades
HEINS MILLS & OLSON
310 Clifton Avenue
Minneapolis, MN 55403

Allan Steyer
STEYER LOWENTHAL BOODROOKAS ALVAREZ & SMITH LLP
One California Street, Third Floor
San Francisco, CA 94111

Steven Greenfogel
MEREDITH COHEN GREENFOGEL & SKIRNICK, P.C.
1521 Locust St., 8th Floor
Philadelphia, PA 19102

Brian K. Herrington
BRENT COON & ASSOCIATES
6360 I-55 North
Suite 340
Jackson, MS 39211

Arnold Levin
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia , Pennsylvania 19106-3697

Armand Derfner
DERFNER ALTMAN & WILBORN
40 Calhoun Street, Suite 410
P.O. Box 600
Charleston, SC 29401

Steven A. Kanner
FREED KANNER LONDON & MILLEN LLC
2201 Waukegan Rd., Suite 130
Bannockburn, IL 60015

Brent Hazzard
HAZZARD LAW, LLC
6360 I 55 N
Suite 340
Jackson, MS  39211

Precious Martin Senior
PRECIOUS MARTIN SENIOR & ASSOCIATES PLLC
821 North Congress St.
P.O. Box  373
Jackson, MS 39205-0373

| | |
|---|---|
| Paul Bennett<br>Steven Sidener<br>Andrew Dirksen<br>GOLD BENNETT CERA & SIDENER LLP<br>595 Market St., Suite 2300<br>San Francisco, CA  94105 | Gerald J. Rodos<br>Jeffrey B. Gittleman<br>BARRACK, RODOS & BACINE<br>3300 Two Commerce Square<br>2001 Market St.<br>Philadelphia, PA  19103 |

Date:  May 21, 2008

                                                   */s/ Linda Aono*
                                                     Linda Aono